UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDO A. ALMAGDOB,

        Plaintiff,

                                              Civil Case No. 18-12194
v.                                         Honorable Linda V. Parker

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

Plaintiff commenced this action to appeal a final administrative decision denying his claim for benefits under the Social Security Act. On January 14, 2019, the Court remanded the matter to the Social Security Administration for further action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 16.) On remand, Plaintiff was found disabled as of January 28, 2015, and awarded past due benefits beginning 4 months before his application for benefits, or November 5, 2015. (ECF No. 22-1.) In its notice informing Plaintiff of his entitlement to benefits, the Social Security Administration notified Plaintiff that it was withholding $9,658.25 in benefits, representing an award of attorney's fees equal to 25% of the total amount of past due benefits to which Plaintiff is entitled. (*Id.* at Pg ID 1100.)

The matter is presently before the Court on a motion for the authorization of attorney's fees pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel. (ECF No. 21.) In the motion, counsel requests fees in the amount of $9,658.25 (ECF 21-1 at Pg ID 1077, ¶ 6.) Counsel further indicates that he will repay Plaintiff the $5,465.75 in attorney's fees previously awarded under the Equal Access to Justice Act. (*Id.* at ¶ 8; ECF No. 20.)

The amount counsel requests is consistent with the Contingency Fee Contract between counsel and Plaintiff, which states that "my . . . attorney also has the right to ask the court to award any remaining balance of 25% of my past-due benefits . . . for representing me in federal court." (ECF No. 21-2 at Pg ID 1080; *see also* ECF No. 21-1 at Pg ID 1077, ¶ 3.) Counsel also informed Plaintiff of the fee petition and provided Plaintiff with a copy of his motion and memorandum. (*Id.* at Pg ID 1078, ¶ 12.) Defendant objects to the motion as being untimely under Local Rule 54.2(a). (ECF No. 28.)

Section 406(b) authorizes a court to award a social security claimant the fees for his or her representative in an amount not to exceed 25 percent of the total of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b). While fee awards are possible under both §406(b) and the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Congress provided that "the claimant's attorney must

2

'refund to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Pub. L. 99-80, § 3, 99 Stat. 186).

Local Rule 54.2(a) provides the following:

> Attorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later.

E. D. Mich. LR. 54.2(a).

Despite the guidance from the Local Rules, "[t]ime limits for attorney fee motions are not jurisdictional, and may be waived where appropriate." *Austin v. Comm'r of Soc. Sec.*, No. 16-CV-14027, 2018 WL 4787656, at *2 (E.D. Mich. Oct. 4, 2018) (quoting *Acosta v. Comm'r of Soc. Sec.*, 2016 WL 8094540, at *2 (E.D. Mich. Nov. 17, 2016)). The Sixth Circuit provides that "[a]lthough ordinarily a litigant must meet the deadlines prescribed by the rules, a court may invoke its equitable authority to toll applicable deadlines in appropriate circumstances." *Id.* (quoting *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. 2018)). In determining whether a party is entitled to equitable tolling for an untimely fee petition, the Court considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's

3

reasonableness in remaining ignorant of the legal requirement for filing his claim." *Hayes*, 895 F.3d 453-54 (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)).

Defendant maintains that counsel's motion is untimely because he filed it on August 13, 2021—approximately 10 months past the date when Defendant sent the initial Notice of Award. (ECF No. 22 at Pg ID 1095.) Defendant sent the initial Notice of Award to counsel on November 15, 2020. (ECF No. 22-1.) On March 21, 2021, Defendant sent a follow-up letter inquiring as to whether counsel planned to petition the Court for attorney's fees. (ECF No. 21-3.) Counsel has not provided the Court with any explanation as to why he could not meet the deadline requirements under Local Rule 54.2(a), or why equitable tolling should apply to the imposed deadlines. As such, the Court finds that counsel's motion is untimely as it was filed approximately 10 months after the 14-day deadline set forth in Local Rule. 54.2(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to § 406(b) of the Social Security Act is **DENIED.**

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 7, 2022

4